**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Alejandro Vazquez-Garcia,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-234<br><br>Agency No.<br>A205-490-880<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2023**
Seattle, Washington

Before: McKEOWN and DESAI, Circuit Judges, and SILVER, District Judge.***

Alejandro Vazquez-Garcia, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

("CAT"), and cancellation of removal. We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We deny in part and dismiss in part.

Substantial evidence supports the BIA's conclusion that Vazquez-Garcia has not shown changed or extraordinary circumstances such that his untimely asylum application should have been considered. Vazquez-Garcia learning of cartel violence in his hometown in 2014 was not a changed circumstance because it merely confirmed his fear of being robbed by cartels that began in 2003. *See Budiono v. Lynch*, 837 F.3d 1042, 1047 (9th Cir. 2016) (holding that "[n]ew evidence" that confirmed fears a petitioner already had about violence in Indonesia did "not constitute changed circumstances"). The lengthy period between Vazquez-Garcia learning about the violence in his hometown in 2003 and filing an asylum application in 2015, without "any facts that would explain his failure to file" within the six-month period "suggested in the preamble to the [immigration] regulations," is not reasonable. *See Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008). Finally, Vazquez-Garcia's ignorance of the law regarding the deadline for filing an asylum application "does not constitute an extraordinary circumstance excusing the failure to file his asylum [application] by the one-year deadline." *Alquijay v. Garland*, 40 F.4th 1099, 1104 (9th Cir. 2022).

The BIA's determination that Vazquez-Garcia is ineligible for

2

withholding of removal because he failed to establish that he fears harm in Mexico because of a protected ground is supported by substantial evidence. Vazquez-Garcia's proposed social group—men returning to Mexico from the United States who are perceived to be wealthy—"is too broad to qualify as a cognizable social group," so he cannot secure withholding of removal. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (quoting *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam)). Further, substantial evidence supports the BIA's determination that Vazquez-Garcia failed to establish eligibility for CAT relief because his fear of torture is purely speculative and he failed to allege that he "face[s] any particular threat of torture beyond that of which all citizens" of Michoacán, Mexico "are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008).

The BIA did not apply a heightened legal standard when evaluating Vazquez-Garcia's cancellation of removal claim. We lack jurisdiction to "proceed further to examine [the BIA's] application of the facts of this case to the 'exceptional and extremely unusual hardship' standard," *see Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009), and we dismiss the petition as to the cancellation of removal claim.

**PETITION DENIED IN PART AND DISMISSED IN PART.**